IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| James W. Wright, | ) | C/A No. 5:13-2913-JMC-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Bank of America, NA, | ) | |
| Defendant. | ) | |

The plaintiff, James W. Wright ("Wright"), a self represented litigant, filed this action alleging that the defendant, Bank of America, NA ("the Bank") wrongfully foreclosed on his home.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss. (ECF No. 6.) Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the court advised Wright of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 9.) Wright filed a response in opposition (ECF No. 22), and the defendant replied (ECF No. 25). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion to dismiss should be granted.

**BACKGROUND**

Wright alleges that he fought foreclosure procedures for three years before presenting the Bank with "a bond in the amount of Fifty-Five Thousand ($55,000) dollars on May 26, 2010, to pay off the debt to my house." (ECF No. 1-1 at 5.) Wright claims that he "followed up with several

---

[1] The defendant removed this action from the Orangeburg County Court of Common Pleas.

Page 1 of  10



telephone calls week after week," and "was told that the payment was received and the debt was cleared." (Id.) However, Wright allegedly failed to receive a receipt for the bond and his home was sold in a foreclosure sale in May of 2013. (Id.) Wright claims that he was not served with notice of the sale date, and that he had no knowledge of the foreclosure sale until approximately four weeks after the home was sold. (Id.) Wright alleges that, when he "began to inquire about why [his] house was sold, [the Bank started] to deny the fact that I ever paid off my home and said that they could not find any record of a bond being present in my records." (Id.) Wright further alleges that his "loan became securitized," resulting in the conversion of the note into a bond or certificate. (Id. at 6.) Wright claims that such a "note must be destroyed." (Id.) Wright seeks monetary damages and injunctive relief. (Id.)

## DISCUSSION

### A.     Motion to Dismiss Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A court may consider



"documents attached or incorporated into the complaint" without converting a motion to dismiss into a motion for summary judgment. E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Further, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396-97 (4th Cir. 2006) (citing Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999) (permitting consideration of extraneous material if such materials are "integral to and explicitly relied on in the complaint"); Gasner v. Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995) (permitting district court to take judicial notice of public documents, such as court records, even when the documents are neither referenced by nor integral to plaintiff's complaint).

In applying this standard, the court observes that it is required to liberally construe *pro se* complaints. Erickson, 551 U.S. at 94. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d



411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Wrongful Foreclosure**

The Bank claims that the Complaint contains only general assertions of fact and should be dismissed for its failure to comply with the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2).  (ECF No. 6-1 at 4.)  Wright's response in opposition to the motion to dismiss does not address this argument.  (ECF No. 22.)  The court agrees that the Complaint, which alleges wrongful foreclosure, fails to reference any legal theory or cite any legal authority to support Wright's request for relief in this action.  (ECF No. 1-1 at 5-6.)  Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim.  See Iqbal, 556 U.S. at 677-78; Twombly, 550 U.S. at 555.  Further, the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  Iqbal, 556 U.S. at 678-79.  To the extent Wright's claims may liberally construed and identified from the factual allegations in the Complaint, they are addressed below.  However, the court finds that the Bank's motion to dismiss should be granted and that any additional wrongful foreclosure claims Wright may be attempting to allege in the Complaint should be dismissed as too conclusory and insufficient to state a claim upon which relief may be granted.

  **1.     Payment of the debt**

The Complaint alleges that Wright presented a bond to the Bank in May of 2010 "to pay off the debt to my house."  (ECF No. 1-1 at 5.)  The Complaint also alleges that Wright was informed



by telephone that the payment had been received and the debt cleared, but was never provided a written receipt of such payment. (Id.) The Bank asserts that, to the extent Wright alleges that presentation of the bond was an accord and satisfaction of the debt, he fails to show that the bond was a "properly tendered payment under the loan documents or under South Carolina law." (ECF No. 6-1 at 5.) The Bank further argues that the Complaint fails to show an agreement between the parties to modify the terms of the loan documents or the Bank's agreement to "accept the bond in lieu of the required payments under the Note and Mortgage, or to accept the bond in lieu of its right to foreclose." (Id. at 6.) The Bank attaches to its motion copies of the Note and Mortgage, which are referenced in the Complaint. (ECF No. 1-1 at 6; ECF Nos. 6-2, 6-3.) The defendant also provided a copy of a letter from the Bank to Wright, dated August 16, 2010, informing him that the bond was being returned because it was not a valid form of payment under the Note. (ECF No. 6-4.) Wright's response in opposition to the motion to dismiss does not address the Bank's arguments. (ECF No. 22.)

Under South Carolina law, the "elements of accord and satisfaction are (1) an agreement between the parties to settle a dispute and (2) the payment of the consideration which supports the agreement." Linda Mc Co., Inc. v. Shore, 703 S.E.2d 499, 505 (S.C. 2010) (citing Historic Charleston Holdings, LLC v. Mallon, 673 S.E.2d 448, 455 (S.C. 2009)). As with any other contract, "in order to constitute an accord and satisfaction, there must have been a meeting of the minds." Id. Acceptance of payment for less than the amount due does not indicate an assent to satisfaction of the full debt, "unless acceptance of the lesser sum is intended by both parties as an accord and satisfaction." Tremont Const. Co., Inc. v. Dunlap, 425 S.E.2d 792, 793 (S.C. Ct. App. 1992) (citation omitted).

The Complaint alleges that Wright presented a $55,000 bond to pay off the debt on his home. (ECF No. 1-1 at 5.) The Complaint further alleges that follow-up telephone conversations with the Bank indicated that the bond had been received and the debt cleared. (Id.) However, the Complaint fails to allege that, prior to Wright's presentation of the bond, he and the Bank came to any meeting of the minds or that the Bank agreed to accept payment of a bond in lieu of monetary payments/foreclosure. Therefore, the court finds that the Complaint does not satisfy the elements of accord and satisfaction and that the Bank's motion to dismiss this claim should be granted.

### 2.     Lack of notice

The Complaint next alleges that Wright was not "served notice of [his] home being up for a sale date." (ECF No. 1-1 at 5.) The Complaint further claims that Wright was informed that notice had instead been provided to his wife at their residence; however, Wright alleges that his wife had not resided in the home for over six years and could not have been served at that location. (Id.) The Bank asserts that Wright's lack of notice claim fails as a matter of law because "service prior to the foreclosure of the residence was properly obtained." (ECF No. 6-1 at 10.) The Bank attaches to its motion to dismiss an affidavit showing that Wright "was served on July 7, 2012 with the Summons and Complaint, along with the Civil Action Cover sheet, notifying him of the filing of a Complaint for foreclosure." (Id.; ECF No. 6-5 at 2.) The Bank also attaches a notice by publication of the foreclosure sale. (ECF No. 6-6 at 2.) Wright's response in opposition to the motion to dismiss does not address the Bank's argument that proper notice was provided for both the foreclosure and sale of the property. (ECF No. 22.)

South Carolina requires that "[a]ll notices for the sale of any real estate under execution or order of court shall be advertised for twenty-one days, that is to say once a week for at least three



weeks prior to such sale." S.C. Code Ann. § 15-29-60; see also Citimortgage, Inc. v. Freeman, C/A No. 2012-UP-195, 2012 WL 10841348, at *1 (S.C. Ct. App. Mar. 21, 2012) (collecting cases). The Complaint, which references three years of foreclosure proceedings prior to the sale of Wright's property in May of 2013, fails to allege any claims associated with the Bank's service of the summons and foreclosure complaint on Wright. To the extent Wright claims that he did not receive proper notice of the foreclosure sale, the court observes that Wright does not dispute that he was served by publication in a local newspaper for three weeks prior to the sale in compliance with South Carolina law. See Bartles v. Livingston, 319 S.E.2d 707, 711 (S.C. Ct. App. 1984) (upholding validity of a foreclosure sale where the defaulting defendant had notice of the foreclosure proceedings and constructive notice of the foreclosure sale through publication in accordance with South Carolina's statutory requirements). Therefore, the Bank's motion to dismiss should be granted in regards to this claim.

### 3.     Loan securitization

The Complaint also alleges that:

> I am aware that at some point during the term of my loan, my loan became securitized. This process converted my note into a bond or certificate and was placed in trust. Once a note is converted to a bond or certificate, the note must be destroyed. This means that there is no note to go with the mortgage deed to foreclosure.

(ECF No. 1-1 at 6.) The Bank asserts that Wright provides no legal or factual support for his claim that "securitization of a mortgage somehow discharges the underlying indebtedness, or nullifies the rights of the mortgagee." (ECF No. 6-1 at 9.) The Bank further presents legal authority to contradict the Complaint's allegations. (Id.) Wright's response in opposition to the motion to dismiss fails to address the Bank's assertions regarding the mortgage securitization claim. (ECF No. 22.)



As noted by the Bank, in an unpublished decision the South Carolina Court of Appeals affirmed a lower court's grant of summary judgment allowing the foreclosure of a loan securitized through a pooling and servicing agreement. See US Bank Nat'l Ass'n v. Johnson, C/A No. 2012-UP-611, 2012 WL 10864163 (Nov. 14, 2012). Federal courts have also consistently rejected Wright's argument that securitization nullified his loan. See Porterfield v. JP Morgan Chase Bank Nat. Ass'n, 4:13-CV-128-BO, 2013 WL 5755499, at *5 (E.D.N.C. Oct. 23, 2013) (collecting cases); see also Scheider v. Deutsche Bank Nat. Trust Co., No. 13-1821, 2014 WL 2109810, at *3 (4th Cir. May 21, 2014) (finding defendant bank the proper holder of securitized loan). Therefore, the court agrees that the Bank's motion to dismiss should be granted in relation to Wright's loan securitization claim.

**4.     Additional claims raised in Wright's response in opposition**

As indicated above, Wright's response in opposition to the Bank's motion to dismiss does not address any of the defendant's arguments for dismissal of the Complaint's allegations. Instead, the response indicates that Wright has "a matter that supersedes" the Bank's motion to dismiss and attempts to provide "new information of how the fractional banking system works and all of its deception practices." (ECF No. 22 at 1.) The Bank filed a reply asking the court to strike Wright's response as an improper attempt to amend the Complaint. (ECF No. 25 at 1.) The Bank further asserts that Wright's new allegations fail as a matter of law because they do not comply with the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) and rest on theories which have been "universally and emphatically rejected by numerous federal courts for at least the last 25 years." (Id. at 4, 11.) The Bank also argues that it is not a governmental entity amenable to suit for any constitutional claims Wright may be attempting to raise, and that the response fails to allege the



type of "racial, or other class-based, invidiously discriminatory animus" required to raise a cognizable claim under 42 U.S.C. § 1985.  (Id. at 13-14.)

In this case, even if Wright's reply were construed as a motion to amend the Complaint, it would be futile for the reasons stated in the Bank's reply.  (ECF No. 25); see Foman v. Davis, 371 U.S. 178 (1962).  The court agrees that the claims raised by Wright in the response should be rejected.  Because the court's consideration of Wrights's response in opposition to the motion to dismiss (ECF No. 22) does not change the court's analysis of the legal issues or its recommendation to grant the Bank's motion to dismiss, the court denies the defendant's request to strike Wright's response as moot in light of this Report and Recommendation.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendant's motion to dismiss (ECF No. 6) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 18, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).